UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | CASE NO. 00-33721 |
| ) | CHAPTER 7 |
| BARBARA J. MILAZZO, ) | |
| ) | Re: ECF NO. 163 |
| ) | |
| DEBTOR ) | |

**BRIEF MEMORANDUM AND ORDER EXPANDING SCOPE OF EMPLOYMENT
OF EDWARD P. JURKIEWICZ AS COUNSEL FOR THE CHAPTER 7 TRUSTEE**

**I. INTRODUCTION**

Distilled to its essence the matter presently before the Court involves a rather simple and straightforward application by the Chapter 7 Trustee to re-engage the services of counsel who previously represented him in prosecuting and resolving an Avoidance Action commenced almost nine years ago in this bankruptcy case itself commenced almost eleven years ago. The application is largely, if not singularly, the result of a creditor's pursuit of an appeal of the Court's approval of the settlement of the Avoidance Action, the continuing litigation resulting from a remand following that appeal, and the likelihood of further related proceedings in this Court and/or by further appeals. For the reasons particularized hereafter, the Application shall be granted.

**II. DETAILED PROCEDURAL AND FACTUAL BACKGROUND**

While the procedural and factual background set forth hereafter represents a long road traveled it is helpful to a full appreciation of the relief granted herein.

The road begins on August 23, 2000, when Barbara J. Milazzo (hereafter, the

"Debtor"), commenced a Chapter 7 bankruptcy case which remains pending before the Court. The Chapter 7 Trustee (hereafter, the "Trustee"), on August 23, 2002, timely commenced an Adversary Proceeding (Adv Pro. No. 02-3101) (heretofore and hereafter, the "Avoidance Action") by the filing of a complaint seeking to avoid certain alleged prepetition and postpetition transfers from the Debtor to Michael G. Milazzo, her non-debtor spouse (together, the "Milazzos").

On September 23, 2002, on the <u>Application of Trustee to Employ Edward P. Jurkiewicz and Edward P. Jurkiewicz, LLC as Attorneys for the Trustee</u> (hereafter, the "Original Application to Employ"), ECF No. 76, the Court entered an <u>Order Authorizing Trustee to Employ Edward P. Jurkiewicz and Edward P. Jurkiewicz, LLC as Attorneys for the Trustee</u> (hereafter, the "Retention Order"), ECF No. 77, authorizing the Chapter 7 Trustee to employ Edward P. Jurkiewicz, Esq. and Edward P. Jurkiewicz, LLC as counsel to "prosecute a claim vs. Michael Milazzo and . . . any and all other avoidance actions. . . ".[1] As authorized by the Retention Order, Attorney Jurkiewicz represented the Trustee in <u>Chorches v. Milazzo</u>, Adversary Proceeding No. 02-3101. After years of extensive discovery, the Trustee, through Attorney Jurkiewicz, and the Milazzos negotiated an agreement to settle the Avoidance Action in return for a payment to the bankruptcy estate of $20,000 (hereafter, the "Settlement"). The Trustee then filed a <u>Motion for Authority to Compromise Claim of the Estate and for Approval of Settlement Agreement</u> (hereafter, the "Motion to Compromise"), ECF No. 120, requesting approval of the Settlement pursuant

---

[1] The Application requested the relevant payment "will be the lesser of one and a half times the hourly rate or a contingency fee of 33-1/3 percent plus reimbursement of fees and expenses." Application at § 6.

2

to Fed. R. Bankr. P. 9019. CadleRock Joint Venture II,L.P. (hereafter, "CadleRock"), a creditor holding almost 99% of the unsecured claims against the estate, then sent the Trustee a letter seeking to "purchase" the right to pursue the Avoidance Action for $22,500. The Trustee did not accept the offer and CadleRock filed an <u>Objection . . . to [the Motion to Compromise]</u> (hereafter, the "Objection to Compromise"), ECF No. 125, urging the Court to treat the proposed Settlement as a sale of estate property under Bankruptcy Code §363(b) and to require the Trustee to hold an auction and "sell" the Avoidance Action to the highest bidder. The Court, on March 31, 2009, held a hearing on the Motion to Compromise and Objection to Compromise and entered a <u>Ruling and Order on Motion to Approve Settlement</u> (hereafter, the "Compromise Approval Order"), ECF No. 133, granting the Motion to Compromise over the Objection.

    Also on March 31, 2009, the Court considered Attorney Jurkiewicz's <u>Application for Compensation</u>, ECF No. 119,[2] and, on April 9, 2009, entered an <u>Order on Application for Compensation</u>, ECF No. 140, awarding him a fee of $6,666.00 as compensation for services rendered plus $531.30 for reimbursement of expenses. On April 3, 2009, Attorney Jurkiewicz, on behalf of the Trustee, filed a <u>Stipulation of Voluntary Dismissal, with Prejudice</u> in Adversary Proceeding 02-3101, ECF No. 149, and such adversary proceeding was closed on April 6, 2009.

---

[2]The Application for Compensation represented that the actual time hourly-based value calculus of Attorney Jurkiewicz's work vastly exceeded the proposed one-third contingency fee being requested. Application for Compensation at § 10. *See* fn. 1. *supra*. At the March 25, 2009 hearing, Counsel for CadleRock and counsel for the United States Trustee interposed no objection to the Application for Compensation. *See* Tr. At 110 -113, ECF No. 152, and *United States Trustee's Statement of No Objection* [to Application], ECF No. 130 (Virtual Entry).

On April 3, 2009, CadleRock filed a Notice of Appeal, ECF No. 134, noticing its appeal of the Compromise Approval Order to the District Court which, on September 14, 2009, vacated the Approval Order and remanded the matter (ECF No. 154; hereafter the "Remand Order") to the Bankruptcy Court for further articulation of (1) its reasons for not requiring an auction and (2) its basis for approving the Settlement.

Following the remand, the Court entered an Order on Remand, ECF No. 156, establishing, *inter alia*, a post-remand briefing schedule and setting a date for a hearing in accordance with which the parties filed memoranda of law (ECF Nos. 161, 162) addressing the issues set forth in the Remand Order and a Joint Stipulation of Facts (hereafter, the "Stipulation), ECF No. 169. The Court held a hearing on February 9, 2010, after which it took the matter under advisement.

On April 1, 2011, this Court entered a *Memorandum on Remand from District Court of Ruling and Order on Motion on Motion to Approve Settlement* (hereafter, the "Remand Decision"), further articulating in accordance with the Remand Order its determination that CadleRock's position that the Trustee be required hold an auction and "sell" the Avoidance Action to the highest bidder is inconsistent with the relevant case law of this Circuit; and that approval of the Settlement was in accordance with the applicable standards.

At all times after April 3, 2009, up to and including the present date, before the District Court on appeal, in briefing the issues on remand and at hearings thereon before this Court, it appears that Attorney Jurkiewicz, without compensation, has continued to provide legal advice and representation to the Trustee. The Trustee, on January 22, 2010, filed an Application . . . to Expand Scope of Employment of Edward P. Jurkiewicz as

Attorney for the Trustee (hereafter, the "Application"), ECF No. 163, seeking to authorize Attorney Jurkiewicz to represent the Trustee in connection with further proceedings in the case, and proposing that further compensation be on an hourly fee basis, subject to a maximum amount for fees of $5,000, plus expenses, all subject to the approval of the Court.  Notably, there is no dispute but that Attorney Jurkiewicz provided legal services to the Trustee in connection with the appeal to the District Court and to this Court upon the remand, Objection ¶ 3, and the Application acknowledges that such services exceed the scope of the Retention Order, Application ¶ 6. Specifically, as noted above, the Trustee seeks to "retain the services of Attorney Jurkiewicz in connection with *further proceedings* in this case." (emphasis added) Id. ¶ 8.

CadleRock responded by filing an Objection to Application by Trustee to Expand Scope of Employment, ECF No. 167, asserting that (i) "no further order of this Court is necessary",  Objection, ¶ 4,  as Attorney Jurkiewicz's employment in connection with the Motion to Compromise (for which he has been fully paid) "was contemplated by the [Retention] Order, and further retention or compensation is, *inter alia*,  "unnecessary" and "wasteful", Objection, ¶ ¶ 4 & 5, as trustee "typically represent themselves in connection with such motions". Id. ¶ 5, and is unduly prejudicial to creditors". Id. ¶ 6. A hearing on the Application and the Objection was held on February 25, 2010, following which the Court took the matter under advisement.[2]

### III. DISCUSSION

---

[2] At the February 25, 2010 hearing, there was no substantive argument. The matters was submitted on the papers.

5

At the outset, the Court observes that it is not uncommon for Chapter 7 trustees to retain counsel with court approval in a variety of settings. However, it is often the case, that a retention agreement, and/or attorney engagement approval order, does not include representation of the trustee in connection with a subsequent appeal, and where it does, specific approval is ordinarily sought in the retention approval motion and included in the retention approval order.

Consistent with that practice, the Court notes that the Application sought approval of Attorney Jurkiewicz's engagement to "*prosecute* various avoidance claims," without mention of appeals thereof, and the Application for Compensation, which sought full payment on the "lesser" contingency fee basis, was filed and considered simultaneously with the Application to Approve Settlement, that is, Attorney Jurkiewicz treated his fee as fully earned upon settlement of the Avoidance Action.

As already noted, an appeal, a remand following appeal, and subsequent proceedings thereto, have followed the closing of the Adversary Proceeding. And, in light of the history of this matter, it is reasonable to assume that the Remand Decision will not be the terminal substantive event in this case.

The Court also notes that there is no dispute but that Attorney Jurkiewicz provided legal services to the Trustee in connection with the appeal to the District Court and in this Court upon the remand. But the Court also notes that the Trustee has acknowledged that Attorney Jurkiewicz's post-settlement legal services to the estate were not within the scope of the Retention Order, Application § 6, and Attorney Jurkiewicz has not sought compensation for such services rendered before January 22, 2010.

The Court finds hereafter that Attorney Jurkiewicz's "re-employment is necessary and is in the best interests of the bankruptcy estate. In light of the history of this case it would be patently unjust for Attorney Jurkiewicz, who has provided services which, if calculated on an hourly fee basis would have vastly exceeded his actual compensation on a contingency fee basis,[3] and who thereafter provided substantial services for no fee at all, to provide further assistance to the Trustee without reasonable compensation, and is unreasonable for the Trustee to request or expect that he do so. However, the Court must also consider that the Application (to expand the scope of employment) was not filed until January 22, 2010.

### IV. CONCLUSION AND ORDER APPROVING TRUSTEE'S APPLICATION TO APPOINT SPECIAL COUNSEL

After notice and a hearing, and upon consideration of the Application of Ronald I. Chorches, Trustee, ECF No. 163, for authority to expand and re-engage the retention of Edward P. Jurkiewicz, Esq. to serve as attorney for the Trustee in connection with this case, and the proposed affidavit of Edward P. Jurkiewicz, Esq., and it appearing that Attorney Jurkiewicz is admitted to practice in this Court, that Edward P. Jurkiewicz, Esq. represents no interest adverse to this estate, that the expansion and re-engagement of his employment is necessary and is in the best interests of the estate, and no adverse interest appearing,

**IT IS HEREBY ORDERED** that, subject to the time and monetary limitations established in the next decretal paragraph, the Trustee, be and is hereby authorized to

---

[3]The Court is, of course, fully cognizant that Attorney Jurkiewicz agreed to his engagement under the terms of the Retention Order.

7

employ Edward P. Jurkiewicz, Esq., to represent him in all matters before this Court related to Chorches v. Milazzo, Adversary Proceeding No. 02-3101, the settlement thereof, and all appeals related thereto, and

**IT IS FURTHER ORDERED** that compensation hereunder shall be limited to services provided and expenses incurred subsequent to January 21, 2010, shall be on an hourly basis based Attorney Jurkiewicz' normal hourly billing rate of $250.00, subject to a cap of $5,000.00 plus reimbursement of costs and disbursements, and shall be subject to the submission of appropriate fee applications and Court approval under 11 U.S.C. §§330 and 331, and

**IT IS FURTHER ORDERED** that compensation approved pursuant to this order, if any, shall be in addition to compensation previously approved in the Order on Application for Compensation, ECF No. 140.

Dated: April 1, 2011                                                                          BY THE COURT

                                                                                              Albert S. Dabrowski
                                                                                              United States Bankruptcy Judge